UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALEXANDER STEVEN KING,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:18-cv-00202-RCJ-WGC

ORDER

This *pro se* habeas petition comes before the Court on petitioner's motion for appointment of counsel (ECF No. 1-4).

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

Petitioner argues that he has lifelong learning disabilities and verifiable mental health issues, as well as a syndrome that severely affects his reasoning abilities, much of which appears to be supported at least somewhat by the available state court record. While the Court is persuaded that these factors would justify appointment of counsel in this case, particularly given the

petitioner's lengthy sentence of 24 years to life, petitioner has failed to establish that he is financially eligible for appointment of counsel. Pursuant to 18 U.S.C. § 3006A, appointment of counsel may be granted to one who is "financially eligible." Petitioner therefore shall have thirty days from the date of entry of this order to substantiate his claim that he cannot afford counsel, including but not limited to filing an application for leave to proceed *in forma papueris*.[1]

IT IS THEREFORE ORDERED that petitioner shall have thirty days from the date of entry of this order to substantiate his claim that he cannot afford counsel, including but not limited to filing an application for leave to proceed *in forma papueris*. The Court will defer ruling on the motion for appointment of counsel until petitioner has had an opportunity to substantiate his claim that he cannot afford counsel. Should petitioner fail to timely respond to this order, the motion for appointment of counsel will be denied and the Court will proceed with preliminary review of the petition in this case.

IT IS FURTHER ORDERED that, as it appears petitioner has moved institutions, the Clerk of Court shall update petitioner's address to Ely State Prison, *see* http://167.154.2.76/inmatesearch/form.php (last accessed June 14, 2018), and shall serve a copy of this order on petitioner at his updated address.

DATED THIS 19th day of June, 2018.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

---

[1] As petitioner has paid the filing fee, the Court would consider any pauper application only for purposes of deciding the motion for appointment of counsel.