UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXANDER STEVEN KING,<br><br>                       Petitioner,<br>    v.<br><br>RENEE BAKER, *et al.*,<br><br>                      Respondents. | Case No. 3:18-cv-00202-RCJ-WGC<br><br>**ORDER** |

This counseled habeas matter comes before the Court on Petitioner Alexander Steven King's Motion for Stay and Abeyance (ECF No. 47). Respondents do not oppose (ECF No. 48).

King challenges a 2014 conviction and sentence imposed by the Third Judicial District Court for Lyon County. The amended petition contains two unexhausted claims, and King now seeks a stay and abeyance so that he may exhaust those claims in state court.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the district courts' discretion to facilitate habeas petitioners' return to state court to exhaust claims:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, *stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court*. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.* at 277 (emphasis added). The *Rhines* Court further held that a district court would likely abuse its discretion by denying a stay and dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not

require "extraordinary circumstances." *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008); *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005). This Court has declined to prescribe the strictest possible standard for issuance of a stay. *E.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.* Thus, a petitioner's confusion over whether his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005)). Ineffective assistance of post-conviction counsel or a lack of counsel can also constitute good cause. *Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014). A "petitioner need only establish that a *Rhines* stay is appropriate for one of [his] unexhausted claims since, '[o]ne claim requiring a stay acts as an umbrella for all claims'." *Bunyard v. Davis*, 2019 WL 134564, at *1 (E.D. Cal. Jan. 7, 2019) (quoting *Horning v. Martel*, 2011 WL 5921662, at *3 (E.D. Cal. Nov. 28, 2011)). Whether any "new" claim survives a dispositive motion or procedural bar is an issue for the court to address "after the case is unstayed." *Horning*, 2011 WL 5921662, at *3.

King argues that good cause exists based on the ineffective assistance of post-conviction counsel. He asserts that post-conviction counsel was ineffective for failing to discover, investigate, and present to the state courts the readily available evidence of judicial bias and trial counsel's failure to object to it. Given the potential significance of the evidence underlying King's unexhausted claim, the Court finds that state post-conviction counsel's failure to develop or pursue the legal and/or factual basis for the claims to be arguably ineffective. The Court further finds that the unexhausted ground is not "plainly meritless," and that King has not engaged in intentionally dilatory litigation tactics. Because King has satisfied *Rhines* as to at least one claim, this habeas action will be stayed and held in abeyance until he has presented his claims to the Nevada courts.

**IT IS THEREFORE ORDERED:**

1. Petitioner Alexander Steven King's Motion for Stay and Abeyance (ECF No. 47) is GRANTED.

///

2. This action is STAYED pending exhaustion of the unexhausted claims in the amended petition.

3. The stay is conditioned upon King litigating his state post-conviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada or Nevada Court of Appeals at the conclusion of the state court proceedings.

4. The Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action, until such time as the court grants a motion to reopen the matter.

DATED: this 8th day of July, 2020.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE